```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

Wanda Hoon

    v.                              Civil No. 18-cv-832-JD
                                         Opinion No. 2019 DNH 045

Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration


## O R D E R

Wanda Hoon seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Acting Commissioner's decision to terminate her supplement security income ("SSI") benefits. Hoon contends that the Administrative Law Judge ("ALJ") incorrectly counted her boyfriend's income and bank account and a friend's checking account as Hoon's resources. The Acting Commissioner moves to affirm.


## Standard of Review

Judicial review under § 405(g) "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court decides legal issues de novo but defers to the ALJ's factual findings if they are supported by substantial evidence. Ward v. Comm'r of Soc. Sec.,

211 F.3d 652, 655 (1st Cir. 2000). Substantial evidence is "more than a scintilla of evidence" but less than a preponderance. Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018). The court must affirm the ALJ's findings, even if the record could support a different conclusion, when "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the ALJ's] conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (internal quotation marks omitted); accord Purdy, 887 F.3d at 13.

Background

Wanda Hoon began receiving SSI benefits on January 1, 2005. At that time, she was living with her boyfriend, Wayne Shirkey, with whom she had had a long-term relationship. In 2009, Hoon's granddaughter came to live with them, and both Hoon and Shirkey were the granddaughter's legal guardians.

In April of 2014, the Social Security Administration ("SSA") reviewed Hoon's case. Hoon reported that she was the legal guardian of her granddaughter, who had lived with Hoon and Shirkey since 2009. She explained that Shirkey "comes and goes," and, for that reason, he had put Hoon on his bank account so that she could pay bills. Hoon also disclosed that a friend, Gabrielle Currier, had put Hoon's name on her bank account for

2

"emergency purposes." The SSA determined that Hoon was not "holding out" as being married to Shirkey, which would have changed her status for purposes of SSI benefits.

Shirkey and Hoon petitioned jointly to adopt Hoon's granddaughter in 2014. Because they were not married, however, the court would not approve their petition. Hoon then petitioned to adopt her granddaughter by herself, and that petition was granted. Hoon's granddaughter chose the last name Shirkey Hoon.

The SSA reviewed Hoon's living situation again in June of 2015. The SSA noted that Hoon and Shirkey had joint bank accounts and jointly owned vehicles. The SSA also noted that Hoon's granddaughter used both last names. Based on these circumstances, the SSA determined that Hoon was deemed to be married to Shirkey for purposes of SSI benefits.

The SSA sent Hoon a notice on August 18, 2015, that all of the SSI benefits she had received between July of 2013 through June of 2015 were overpayments because her resources exceeded the limit for eligibility. The total overpayment was $7,980.00. Hoon states that on the same date she also received a notice, which is not part of the Administrative Record, that showed the month-by-month balances for the bank accounts the SSI considered to be Hoon's resources.

Hoon received a second notice of overpayment on October 21, 2015, for the period from July of 2015 through October of 2015. That notice states that the overpayment determination was based on "wages we did not know about." Admin. Rec. at 379. The total amount of that overpayment was all of the SSI for that period, totalling $2,932.00. By way of further explanation, the SSA stated: "For the months(s) listed below, the income on our records was wrong. Because we didn't know about all the income, we paid you too much SSI." Admin. Rec. at 383. The wages the SSA was referring to were actually Shirkey's wages.

Hoon requested waiver of the two overpayment periods and also requested a hearing before an ALJ. Hoon was removed from Shirkey's bank account and opened her own account separately. She met with an SSA representative for a personal conference in December of 2015. Hoon completed a Marital Relationship Questionnaire during the conference, which asked questions about her relationship with Shirkey. Hoon provided additional information about her bank accounts and her relationship with Shirkey.

The SSA first issued a notice that she would receive certain monthly benefits, then issued a notice that her benefits would be zero. The SSA denied her request to waive overpayment and notified her that Shirkey was being counted as her spouse.

4

Hoon provided additional evidence of her marital status and requested a hearing before an ALJ.

The hearing was held on June 6, 2017. Hoon testified about her relationship with Shirkey. She said that she only used the name Hoon, that she introduced Shirkey by his first name, Wayne, or as "my boyfriend, Wayne," and that Shirkey introduced her by her first name. She said mail was addressed to them separately, that Shirkey owned the house where she lived but he had moved out, that she had been taken off of Shirkey's bank account, and that no other documents show them as married.

Hoon also testified about why she had been included on a bank account owned by Gabrielle Currier. She said that while Currier was having serious medical issues and surgery Hoon had been on the bank account in case she needed to pay Currier's bills. She had not needed to do that and had been taken off of the account. Currier attended the hearing, but the ALJ declined to hear testimony from her.

The ALJ issued the decision on September 12, 2017. The ALJ interpreted the SSA's overpayment determinations as follows: "There are two separate overpayment periods, both of which are properly before me. The first overpayment is the one related to the bank account held by the claimant and Mr. Shirkey. The second overpayment relates to the bank account held by the claimant and Ms. Currier." Admin. Rec. at 14. Based on an

analysis of the ownership of those accounts, the ALJ found that Hoon's resources exceeded the limit from July of 2013 through June of 2015 because Hoon had had a joint bank account with Shirkey during that time.  The ALJ found that Hoon's resources also exceeded the limit from July of 2015 through October of 2015 because of Hoon's joint account with Currier.  Therefore, the ALJ found that she was properly assessed an overpayment during that period.

The ALJ also addressed the SSA's finding that Hoon and Shirkey were considered to be married.  The ALJ stated that "this finding is not material for the purposes of determining the overpayment as discussed above, but goes towards whether the income and wages of Mr. Shirkey will continue to affect the claimant's eligibility for Supplemental Security Income payments."  Admin. Rec. at 16.  The ALJ reviewed the evidence pertaining to the marriage issue, including the relationship among Hoon, her granddaughter, and Shirkey, and concluded that Hoon "holds the three individuals out as a family unit."  Admin. Rec. at 17.  The ALJ further found that although Hoon and Shirkey were not legally married, "their living situation is such that Mr. Shirkey is considered the claimant's spouse for the purposes of determining eligibility for Supplemental Security Income.  His wages and income may be considered to affect the claimant's eligibility."  Id.

Based on those findings, the ALJ concluded that Hoon was overpaid based on the joint accounts with Shirkey and Currier. The ALJ further concluded that Hoon was at fault in causing the overpayments and that recovery of overpayment was not waived, making Hoon liable for repayment of $10,912.00 in overpayments.

## Discussion

Hoon moves to reverse the Acting Commissioner's decision on the grounds that the ALJ used the wrong standard to find that she and Shirkey should be considered married and that the evidence shows they do not hold themselves out as married. She also contends that the ALJ erred in finding that Shirkey's bank account was her asset after November 1, 2015, when her name was removed from the account and in finding that she was a co-owner of Currier's bank account. The Acting Commissioner moves to affirm.

A. Standard for SSI Benefits

To be eligible for SSI benefits, a claimant must show that she is aged, blind, or disabled and that her income and resources are within the limits allowed. 42 U.S.C. § 1382(a). Resources include "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and

7

maintenance." 20 C.F.R. § 416.1201(a). When a claimant has been found to be eligible for benefits but then has been overpaid benefits, the SSA will seek to adjust or recover the benefits. 42 U.S.C. § 1383(b)(1).

The SSA may waive recovery of overpaid benefits if the claimant was not at fault and recovery would defeat the purpose of Title XVI, would not be equitable and in good conscience, or would "impede efficient or effective administration of Title XVI due to the small amount involved." 20 C.F.R. § 416.550. The SSA considers the circumstances in each case to determine fault, including the claimant's understanding of the reporting requirements and knowledge of the events or information that should have been reported. 20 C.F.R. § 416.552. A claimant is at fault if she did not provide information which she knew or should have known was material, if she provided an incorrect statement when she knew or should have known that it was incorrect, or if she did not return a payment that she knew was incorrect or should have known was incorrect. Id.

B. Joint Bank Account with Shirkey

The ALJ stated that the first overpayment period, between July of 2013 through June of 2015, was assessed based on Hoon's joint bank account with Shirkey. The SSA, however, made a "holding out determination" on June 26, 2015, meaning that the

8

SSA had determined that Hoon and Shirkey were "holding out" as being married. The notice sent to Hoon by the SSA on August 18, 2015, of overpayment for the period between July 2013 and June 2015, was based on the "holding out determination." Therefore, the ALJ appears to have addressed a different basis for the overpayment assessment.

In her motion to reverse, Hoon states that as of November 1, 2015, the SSA should not consider Shirkey's bank account to be a resource available to her because she was taken off the account at that time. Therefore, Hoon's motion does not appear to challenge the decision to the extent joint ownership of Shirkey's account was the basis of the overpayment assessment between July of 2013 and June of 2015. As a result, she does not seek review of that part of the ALJ's decision.

C. <u>Joint Account with Gabrielle Currier</u>

The ALJ stated that the overpayment from July of 2015 through October of 2015 was based on Hoon's joint bank account with Currier. The SSA, however, found that the overpayment for that period was based on Shirkey's wages and income. Therefore, the ALJ did not review or decide the grounds stated by the SSA for that overpayment assessment.

Even if Currier's bank account were the basis for the overpayment assessment between July of 2015 and October of 2015,

9

the record does not support the ALJ's finding that Currier's bank account was properly considered Hoon's resource. Funds held in bank accounts are the claimant's resources "if the individual owns the account and can use the funds for his or her support or maintenance." 20 C.F.R. § 416.1208(a). Ownership is determined based on the title of the account. Id. In a jointly held account that includes only one claimant, the SSA presumes that all of the funds in the account belong to the recipient.[1] § 416.1208(c)(1).

When an account is held jointly, rather than individually, the claimant can offer evidence to rebut the presumption of ownership. § 416.1208(c)(3). Rebuttal evidence may be presented through statements from the claimant and the other account holder about ownership, the reason for the joint account, who makes deposits, and how the money is spent. § 416.1208(c)(4). Evidence may also be presented through account records. Id. The claimant may correct the account title to address the presumption of a joint account. Id.

Hoon explained that she was included on Currier's account only to help Currier by paying her bills in case of an emergency. Hoon also explained that she would need to make specific showings in order to use Currier's account. She also

---

[1] The statute applies to claimants and recipients of SSI benefits.

10

said that she had never had to pay any bills or use the account at all.

The ALJ noted that Hoon said she would have to provide proof that Currier was unable to care for herself and a valid power of attorney in order to use that account. Because Hoon did not provide verification of those requirements, the ALJ found that Hoon had not rebutted the presumption that she owned Currier's account.

Hoon, however, provided a statement from Community Guaranty Savings Bank that as of August 21, 2015, Hoon was not an authorized signer on Currier's checking account and had no access to it. The ALJ did not mention that evidence or explain why that was not sufficient to rebut the ownership presumption.

In addition, Currier was available to testify at the hearing about the account and the requirements for Hoon's use of the account. Hoon's counsel asked the ALJ if he would like Currier to testify to provide "a little more information . . . about her bank account." Admin. Rec. at 424. The ALJ responded: "I don't think there's any confusion about the facts in regards to that." As a result, Currier did not testify and was not given the opportunity to explain the ownership of her account or the requirements for Hoon to use that account.

Because the ALJ refused to hear that evidence, he did not give Hoon a full opportunity to rebut the ownership presumption.

11

In addition, the statement from the bank appears to establish that Hoon did not have access to Currier's bank account as of August 21, 2015. Therefore, even if Currier's account were the basis for that assessment, substantial evidence, based on the presumption, does not support the ALJ's finding that Hoon owned Currier's bank account from July of 2015 through October of 2015.

D. Relationship with Shirkey

The ALJ stated that the SSA's finding that Hoon and Shirkey were considered to be married was not material to the overpayment assessments. Instead, their relationship, and in particular Shirkey's income, would affect Hoon's eligibility for SSI benefits going forward. The ALJ reviewed their relationship and concluded that Hoon is deemed to be married to Shirkey for purposes of her eligibility for SSA benefits.

As is noted above, however, the SSA counted Shirkey's income and wages as Hoon's for the purpose of assessing overpayment between July of 2015 through October of 2015. Therefore, the ALJ's finding is contrary to the SSA's determination. In addition, in the motion to affirm, the Acting Commissioner acknowledges that the ALJ's analysis of the marriage relationship is at odds with the applicable standards provided by SSA regulations.

Given the discrepancy between the SSA's grounds for the overpayment assessments and the grounds addressed by the ALJ, along with the insufficiency of the ALJ's analysis, substantial evidence is lacking to support the ALJ's findings that Hoon was overpaid in the two assessed periods.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse (document no. 10) is granted.

The Acting Commissioner's motion to affirm (document no. 12) is denied.

The case is remanded for further proceedings, including to address the grounds given by the SSA for assessing overpayments in each assessed period.

The case is remanded pursuant to Sentence Four of § 405(g).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                       /s/ Joseph A. DiClerico, Jr.
                                       Joseph A. DiClerico, Jr.
                                       United States District Judge

March 19, 2019
cc: Ruth Dorothea Heintz, Esq.
    Paul K. Nitze, Esq.